OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 23, 2012, and maintains an office in Rochester. The Grievance Committee filed a petition alleging two charges of professional misconduct against respondent, including neglecting a client matter and failing to cooperate in the investigation of the Committee. Although respondent filed an answer denying certain allegations, the parties thereafter entered into a stipulation resolving all factual issues concerning the charges of misconduct. Respondent additionally submitted to this Court matters in mitigation and appeared before the Court and was heard in mitigation.
With respect to charge one, respondent admits that, in October 2012, she accepted a legal fee in the amount of $400 to represent a client in a landlord-tenant dispute. Respondent admits that, although she subsequently advised the client that she could no longer represent him, the client thereafter filed a breach of contract action against her and was awarded a judgment in the amount of $415. Respondent admits that, at the time the Grievance Committee filed the petition in this matter, she had not satisfied that judgment.
With respect to charge two, respondent admits that, in August 2012, she accepted a legal fee in the amount of $3,000 to represent a client in a divorce action. Respondent admits that she thereafter failed to communicate adequately with the client, to complete the work for which she was retained, or to provide the client with itemized billing statements for the matter. Respondent additionally admits that, in September 2013, the client made several requests for the return of his file and funds and, in late September 2013, she falsely assured the client that "everything is in the mail.” Respondent admits that, at the time the Grievance Committee filed the petition in this matter, she had neither returned the file nor refunded unearned legal fees to the client.
*175 With respect to the allegations in charges one and two that respondent failed to cooperate in the Grievance Committee’s investigation, respondent admits that, beginning in October 2013, she failed to respond to several requests from the Grievance Committee for information concerning the client complaints that gave rise to those charges.
We find respondent guilty of professional misconduct and conclude that she has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (b) — neglecting a legal matter entrusted to her;
rule 1.4 (a) (3) — failing to keep a client reasonably informed about the status of a matter;
rule 1.15 (c) (3) — failing to account to a client for all funds coming into her possession in relation to her practice of law;
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) — engaging in conduct that adversely reflects on her fitness as a lawyer.
We further conclude that respondent has violated 22 NYCRR part 1400 by failing to provide itemized billing statements to a client in a domestic relations matter.
We have considered, in determining an appropriate sanction, respondent’s submissions in mitigation, including that she has repaid all amounts owed to the aforementioned clients and that, during the time period relevant to this matter, she suffered from mental health issues for which she has sought treatment. We have considered in aggravation of the charges, however, that for an extended period of time she deprived two clients of funds to which they were entitled, and that she repaid those clients only after disciplinary charges were filed against her. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.
Smith, J.P., Carni, Valentino and DeJoseph, JJ., concur.
Order of censure entered.